UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| **James Daniel Jones**, #210933, | ) | **C/A No. 6:07-1697-CMC-WMC** |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **Report and Recommendation** |
| | ) | |
| Anthony Padula, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

A Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 has been submitted to

the Court *pro se* by a state prison inmate.[1]  Petitioner is currently incarcerated at Lee Correctional

Institution, serving a sentence entered by the Court of General Sessions of Sumter County, South

Carolina in June 1994.

In the Petition filed in this case, Petitioner claims that his due process rights were violated

and that he received ineffective assistance of counsel when he was convicted on charges that

Petitioner contends were *nolle prossed* by the State prior to trial.  This is the third § 2254 petition

challenging his conviction and sentence based, among other contentions, on the same due

process/ineffective assistance of counsel claims filed by this prisoner in this Court.[2]  See *Jones*

---

[1] Pursuant to 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court.  *See also* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

[2] This Court may take judicial notice of the contents of its own records.  *Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970); *Mann v. Peoples First Nat. Bank & Trust Co.*, 209 F.2d 570, 572 (4th Cir. 1954); *see also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989)("[t]he most frequent use of judicial notice of ascertainable facts is in noticing the content of court records.").

*v. Anthony*, Civil Action No. 6:01-3285-CMC (merits addressed; dismissed with prejudice), *appeal dismissed*, No. 02-7871, 57 Fed.Appx. 199, 2003 WL 1154344 (4th Cir. March 14, 2003)(notice of appeal untimely) and *Jones v. Anthony*, Civil Action No. 6:04-2412-CMC (dismissed as successive; no appeal).  There is no indication that Petitioner sought and receive permission from the Fourth Circuit Court of Appeal to file this third § 2254 Petition in this Court.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case.  The review was conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

This Court is required to construe *pro se* petitions liberally.  Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys,  *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, __ U.S. __, __ S. Ct. __, __ L.Ed.2d __, 2007 WL 1582936 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972).  When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true.  *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975).  The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  *Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).  However,

2

even under this less stringent standard, the Petition submitted in this case is subject to summary dismissal.     If a petition is frivolous or patently absurd on its face, entry of dismissal may be made on the court's own motion without even the necessity of requiring a responsive pleading from the government.  *See Raines v. United States*, 423 F.2d 526, 529 (4th Cir. 1970).  The Petition filed in this case should be dismissed as successive.  A review of this Court's records reveals Petitioner's procedural history in this Court, and, as previously stated, shows that Petitioner has already filed two petitions for writ of habeas corpus based on his 1994 conviction and sentences.  The merits of Petitioner's contentions were addressed by this Court in the first § 2254 case he filed, and then his second § 2254 case was dismissed in September 2004 because it was deemed successive.  It does not appear that Petitioner ever appealed that dismissal, or, as stated above, that he requested permission from the Fourth Circuit before he filed the Petition in this case.

Chapter 153 of Title 28 of the United States Code provides a statutory framework for federal post-conviction relief from judgments of conviction entered in federal and state courts. Under this framework, individuals convicted of crimes in state courts seek federal habeas corpus relief through 28 U.S.C. § 2254.  *See In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (footnote omitted).  On April 24, 1996, the President of the United States signed into law the Anti-Terrorism and Effective  Death Penalty Act of 1996 (the "AEDPA") which, in part, amended Chapter 153. The AEDPA effected a number of substantial changes regarding the availability of federal post-conviction relief to individuals convicted of crimes in federal and state courts.  Of particular importance here are the provisions of the AEDPA codifying and extending judicially constructed limits on the consideration of second and successive applications for collateral relief.  *See Felker v. Turpin*, 518 U.S. 651, 657 (1996).  Under the AEDPA, an individual may not file a second or

3

successive § 2254 petition for a writ of habeas corpus (or the equivalent thereof as here) or a

second or successive § 2255 motion to vacate sentence without first receiving permission to do

so from the appropriate circuit court of appeals. *See In re Vial*, 115 F.3d at 1194.[3]   The

"gatekeeping" mechanism created by the AEDPA added section 2244(3) to provide:

> The prospective applicant must file in the court of appeals a motion for
> leave to file a second or successive habeas application in the district court. §
> 2244(b)(3)(A). A three-judge panel has 30 days to determine whether the
> application makes a prima facie showing that the application satisfies the
> requirements of § 2244(b). § 2244(b)(3)(C); see § 2244(b)(3)(B), (D).

*Felker*, 518 U.S. at 657.  Petitioner was informed of this statutory requirement by the Report and

Recommendation filed in Civil Action No. 6:04-2412-CMC (Entry 4), and yet he once again has

filed another § 2254 petition without obtaining the required authorization to do so from the Fourth

Circuit Court of Appeals.  Because Petitioner did not obtain authorization from the Fourth Circuit

Court of Appeals to file this Petition in the district court, this Court does not have jurisdiction to

consider it, and it is subject to summary dismissal without service on Respondent.   *See*

*Romandine v. U. S.*, 206 F.3d 731, 734 (7th Cir. 2000); *U.S. v. Key*, 205 F.3d 773, 774 (5th Cir.

2000); *Hernandez v. Campbell*, 204 F.3d 861, 866 (9th Cir. 2000); *U. S. v. Barrett*, 178 F.3d 34,

41 (1st Cir. 1999); *Lopez v. Douglas*, 141 F.3d 974, 975-76 (10th Cir. 1998); *Williams v. Hopkins*,

130 F.3d 333, 336 (8th Cir. 1997); *Hill v. Hopper*, 112 F.3d 1088, 1089 (11th Cir. 1997).

---

[3] Petitioner may be able to present a claim for the first time in a successive habeas petition
where the claim relies on a new rule of constitutional law, *see* 28 U.S.C. § 2244(b)(2)(A), or, if the claim
is based on newly discovered evidence, where the Petitioner can make a prima facie showing of both
cause and prejudice within the meaning of § 2244(b)(2)(B)(i) and § 2244(b)(2)(B)(ii).  *See Evans v.*
*Smith*, 220 F.3d 306, 323 (4th Cir. 2000).  Petitioner is advised that "[t]he grant or denial of an
authorization by a court of appeals to file  a second or successive application shall not be appealable
and shall not be the subject of a petition for rehearing or for a writ of certiorari." § 2244(b)(3)(E).

## RECOMMENDATION

Accordingly, it is recommended that the Petition for a Writ of Habeas Corpus in this case be dismissed *without prejudice* and without issuance and service of process upon Respondent. *See Toney v. Gammon*, 79 F.3d 693, 697 (8th Cir. 1996) (a petition may be summarily dismissed if the record clearly indicates that petitioner's claims are either barred from review or without merit); *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return).  *Cf*. the Anti-Terrorism and Effective Death Penalty Act of 1996. Petitioner's attention is directed to the important notice on the next page.

s/William M. Catoe
United States Magistrate Judge

July 13, 2007
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *U. S. v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).